## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>DA LIQUIDATING CORP., f/k/a<br>DELIVERY AGENT, INC., *et al*.,<br><br><div align=center>Debtors.</div> | Chapter 7<br><br>Case No. 16-12051 (LSS) |
| George L. Miller, solely in his capacity as the<br>Chapter 7 Trustee of DA Liquidating Corp.,<br>f/k/a Delivery Agent, Inc., *et al*.,<br><br><div align=center>Plaintiff,</div><br>v.<br><br>Defendants Listed on Exhibit A,<br><br><div align=center>Defendants.</div> | Adv. Pro. Nos. Listed on Exhibit A<br><br>**Hrg. Date:  August 15, 2019 at 10:00 A.M. ET**<br>**Obj. Deadline:  June 25, 2019 at 4:00 P.M. ET** |

### FIFTH MOTION OF THE CHAPTER 7 TRUSTEE FOR APPROVAL OF COMPROMISE AND SETTLEMENT OF PREFERENCE CLAIMS PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

George L. Miller, solely in his capacity as the duly appointed, qualified and serving Chapter 7 Trustee (the "Chapter 7 Trustee") for DA Liquidating Corp., f/k/a Delivery Agent, Inc. (the "Debtors") hereby submits this fifth motion (the "Motion") pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for approval of a compromise and settlement between the Chapter 7 Trustee and the parties identified on/in Exhibit A hereto (the "Settling Parties") on the terms and conditions set forth in the settlement agreements (the "Settlement Agreements") annexed hereto as **Exhibit A**.  A proposed form of order (the "Proposed Form of Order") granting the relief requested is annexed hereto as **Exhibit B**.  In support of the Motion, the Chapter 7 Trustee respectfully represents as follows:

## I.    Jurisdiction, Venue and Predicates for Relief

1.     The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.     The predicates for the relief requested herein are Bankruptcy Rule 9019(a) and Section 363(b) of Title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (as amended, the "Bankruptcy Code").

## II.    Background

### A.    General Background

3.     On September 15, 2016 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code in the Bankruptcy Court.

4.     On June 8, 2017 (the "Appointment Date"), the Office of the United States Trustee for the District of Delaware appointed George L. Miller as the Chapter 7 Trustee in the Debtors' bankruptcy cases (the "Bankruptcy Cases").

### B.    The Preference Demands

5.     The Chapter 7 Trustee and his counsel commenced an investigation of all payments or transfers made to creditors during the ninety (90) days prior to the Petition Date for purposes of identifying those transfers that may be avoidable under section 547 of the Bankruptcy Code.  Subsequently, the Chapter 7 Trustee (i) issued a number of demand letters to entities who received payments during the ninety-day avoidance period and (ii) on September 12-14, 2018, initiated adversary proceedings seeking to recover avoidable transfers against certain such entities.

6.      Subsequent to the issuance of the demand letters and the filing of the adversary proceedings, the Chapter 7 Trustee and the Settling Parties, following a thorough analysis of the transfers and an evaluation of the merits of the alleged defenses (including documentation), and after good faith, arms-length negotiations, have each agreed to settle the alleged avoidable transfers pursuant to the terms and conditions set forth in the Settlement Agreements annexed hereto as **Exhibit A**.

7.      The Chapter 7 Trustee submits that the settlements are fair and in the best interests of the Debtors' estates and their creditors, and therefore seeks the Court's approval of the proposed settlements in accordance with the terms of the Settlement Agreements.

### III.      Summary of Relief Requested

8.      By this Motion, the Chapter 7 Trustee seeks entry of an order, substantially in the form of the Proposed Form of Order, approving the compromise and settlement with the Settling Parties on the terms and conditions set forth in the respective Settlement Agreements.

### IV.      Basis for Relief Requested

9.      Bankruptcy Rule 9019(a) governs the approval of compromises and settlements, and provides as follows:

> On motion by the Trustee and after notice and a hearing, the court may approve a compromise or settlement.  Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

FED. R. BANKR. P. 9019(a).

10.      The settlement of time-consuming and burdensome litigation, especially in the bankruptcy context, is encouraged and "generally favored."  *In re World Health Alternatives, Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006); *see also Matter of Penn Central Transp. Co.*, 596 F.2d 1102, 1113 (3d Cir. 1979) ("In administering reorganization proceedings in an economical

and practical matter it will often be wise to arrange the settlement of claims ... .") (internal citation marks and quotation marks omitted).

11.     In determining the fairness and equity of a compromise in bankruptcy, the United States Court of Appeals for the Third Circuit (the "Third Circuit") has stated that it is important that the bankruptcy court "apprise[] [it]self of all facts necessary [to form] an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated, [and] estimate ... the complexity, expense and likely duration of such litigation ... all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise." *Matter of Penn Central Transp. Co.*, 596 F.2d at 1114; *see also In re Marvel Entm't Group, Inc.*, 222 B.R. 243, 249 (D. Del. 1998) (describing the "ultimate inquiry to be whether the compromise is fair, reasonable, and in interest of the estate") (internal citations and quotation marks omitted).

12.     The Third Circuit has enumerated four (4) factors that should be considered in determining whether a compromise should be approved:  "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors."  *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996) (citing *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-25 (1968)); *accord In re Nutraquest, Inc.,* 434 F.3d 639, 644 (3d Cir. 2006).

13.     Furthermore, the decision to approve a compromise is "within the [sound] discretion of the bankruptcy court."  *In re World Health Alternatives, Inc.*, 344 B.R. at 296.  In making its decisions, the bankruptcy court should not substitute its judgment for that of the debtor.  The court is not to decide the numerous questions of law or fact raised by the litigation, but rather should canvas the issues to determine "whether the settlement fall[s] below the lowest

point in the range of reasonableness." *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983), *cert. denied*, 464 U.S. 22 (1983) (internal citations and quotations omitted); *see also In re World Health Alternatives, Inc.*, 344 B.R. at 296 (stating that "the court does not have to be convinced that the settlement is the best possible compromise. Rather, the court must conclude that the settlement is within the range of litigation possibilities") (internal quotation marks and citations omitted).

14.    In passing upon the reasonableness of a proposed compromise, the Court "may give weight to the opinions of the Trustee, the parties and their counsel in determining the reasonableness of the proposed settlement." *In re Bell & Beckwith*, 77 B.R. 606, 612 (Bankr. N.D. Ohio), *aff'd*, 87 B.R. 412 (N.D. Ohio 1987); *accord In re Ashford Hotels Ltd.*, 226 B.R. 797, 802 (Bankr. S.D.N.Y. 1998) ("Significantly, that test does not contemplate that I substitute my judgment for the Trustee's, but only that I test his choice for reasonableness ... . If the Trustee chooses one of two reasonable choices, I must approve that choice, even if, all things being equal, I would have selected the other.") (internal citations omitted).

15.    The Chapter 7 Trustee believes that the settlements attached as **<u>Exhibit A</u>** rise well above the "lowest point in the range of reasonableness" in consideration of the defenses to the Chapter 7 Trustee's claims. Additionally, as discussed more fully below, each of the applicable *Martin* factors set forth above weighs in favor of approving the Settlement Agreements. The Court should therefore approve the Settlement Agreements pursuant to Bankruptcy Rule 9019 and applicable law.

A.    **<u>Probability of Success in Litigation</u>**

16.    Absent the Settlement Agreements, the claims asserted against the Settling Parties would have to be litigated with no assurances of favorable outcomes for the Debtors' estates. The resolution of the Chapter 7 Trustee's claims made on the Settling Parties under the terms and

conditions of the Settlement Agreements are favorable outcome for the Debtors' estates and their creditors because the resolutions will save the Debtors' estates from incurring expert witness and other expenses in any attendant litigation and protect the Debtors from the risk of an unfavorable outcome.  Indeed, the Chapter 7 Trustee evaluated and considered the merits of the affirmative defenses asserted by the Settling Parties when entering into the Settlement Agreements, including, but not limited to ordinary course, subsequent new value and contemporaneous exchange.

> **B.    Complexity of Litigation Involved, and Expense, Inconvenience, and Delay Necessarily Attending the Litigation**

17.    The Settlement Agreements satisfies the second factor in *Martin* analysis.[1] Among other things, litigation of the claims by and between the Chapter 7 Trustee and the Settling Parties would involve expense and delay.  The Settlement Agreement avoids these obstacles in favor of a prompt and efficient resolution of the Chapter 7 Trustee's claims without the need to expend further estate resources.

> **C.    Paramount Interest of Creditors**

18.    Finally, entry into the Settlement Agreements serves the paramount interest of the creditors of the Debtors' estates.  Resolution of the claims by and between the Chapter 7 Trustee and the Settling Parties through the Settlement Agreements represents a successful outcome for the Debtors' creditors, infusing cash into the bankruptcy estates and obviates the need for potentially protracted litigation and the expenses necessarily attendant to such litigation.  The fourth *Martin* factor is therefore satisfied and weighs heavily in favor of the Court approving the Settlement Agreements.

---

[1] The Chapter 7 Trustee believes that the Settlement Agreement does not present any issues regarding the second *Martin* factor (consisting of likely difficulties in collection).  Therefore, this factor weighs neither in favor nor against approval of the Settlement Agreement.

19.    Based on the foregoing, the Chapter 7 Trustee submits that approval of the Settlement Agreements is in the best interests of the Debtors' estates and their creditors because it eliminates the possibility of any protracted litigation with the Settling Parties, eases the administrative burden on the estates, and provides for a meaningful recovery for the benefit of the Debtors' estates and their creditors.  Each of the Settlement Agreements therefore represents a compromise between the parties that are fair, equitable and in the best interests of the Debtors' estates and their creditors.

### V.    Notice

20.    Notice of this Motion has been given to (a) each of the Settling Parties, (b) the Office of the United States Trustee for the District of Delaware, and (c) and those parties that have formally requested receipt of pleadings in the Debtors' cases pursuant to Bankruptcy Rule 2002.

### VI.    Conclusion

**WHEREFORE**, for the foregoing reasons, the Chapter 7 Trustee respectfully requests that the Court (i) enter an order, substantially in the form of the Proposed Form of Order annexed hereto as **Exhibit B**, authorizing and approving the Settlement Agreements annexed hereto as **Exhibit A** and (ii) grant such other and further relief to the Chapter 7 Trustee as is just and proper.

Dated: June 11, 2019                    CIARDI CIARDI & ASTIN
        Wilmington, Delaware


                                        */s/ Joseph J. McMahon, Jr.*
                                        Daniel K. Astin (No. 4068)
                                        Joseph J. McMahon, Jr. (No. 4819)
                                        1204 N. King Street
                                        Wilmington, Delaware 19801
                                        (302) 658-1100 telephone
                                        (302) 658-1300 facsimile
                                        jmcmahon@ciardilaw.com

                                        -and-

                                        Albert A. Ciardi, III, Esquire
                                        One Commerce Square, Suite 3500
                                        2005 Market Street
                                        Philadelphia, PA 19103
                                        (215) 557-3550 telephone
                                        (215) 557-3551 facsimile
                                        aciardi@ciardilaw.com

                                        *Attorneys for George L. Miller,*
                                        *  Chapter 7 Trustee*